Daniei,, Judge,
 

 after stating the case, proceeded: — A disposing capacity in the supposed testator, is necessary, and a knowledge of the contents of the instrument; but in point of law, such a knowledge is presumed from the fact of execution, if the capacity be satisfactorily established. In the case of Smith’s will,
 
 (Downey
 
 v.
 
 Murphey,
 
 ante, 90,) this Court said, “ is there a principle to be found laid down any where in the common law, or a positive precept, that it is necessary to the validity of a will of a man, written in his last illness, and when very weak from disease, by one who takes a large legacy under it, and was the confidential friend and adviser of the alleged testator, that those who offer the will, should distinctly prove, beside the' testable capacity of the maker, and the due formal execution of the instrument, the further fact, by distinct evidence, that the maker knew and approved of the contents of the instrument ? If there be such a proposition, it has escaped our researches among the treasures of the common law. After proof of capacity and execution, the common law lays down no rule upon the subject, but submits the general question to the jury for a decision according to their conclusions upon the actual facts of undue influence, imposition on the testator, his knowledge of the contents of the paper and assent thereto, under the comprehensive inquiry whether a fraud has been practised.” As we understand the charge, the judge informed the jury that there ought to be evidence to show that the testator knew the contents of the will, over and above what presumptively arose from
 
 *278
 
 the formal execution of the paper as a will; that the’law demanded such further evidence of that fact, before they were authorised to find in favour of the paper’s being a will, on the supposition of the case being as he stated it. In this opinion we think he erred. The non-production of such evidence by the plaintiff, was but a circumstance, which the jury might link with other facts and circumstances to aid them in their conclusion whether the paper had been fraudulently obtained or not. But it was not in law, under the case put, incumbent on the plaintiff to produce other and distinct evidence, that the testator knew the contents of the will, over and above that which was to be presumed from the formal execution, before he could demand a verdict in his favour. The judgment must be reversed and a new trial granted.
 

 Per Curiam. Judgment reversed.